FILED

Tyesha Jackson Wise
815 N. LaBrea Avenue #83
Inglewood, CA 90302
(323)306-4965
Tjacksonwise@icloud.com

2022 OCT 19  PM 3: 38

... DISTRICT COURT
... DIST. OF CALIF.
LOS ANGELES
BY

rsm

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYESHA JACKSON WISE, | Case No.: |
| Plaintiff, | **2:22-CV-07635-MEMF-ASx** |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| BMW FINANCIAL SERVICES NA, LLC, AND NICK ALEXANDER IMPORTS | |
| Defendant | |

Plaintiff, TYESHA JACKSON WISE, file their Complaint against the above-named Defendants as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is a resident of the City of Inglewood, Los Angeles County, California.

2. Defendant, BMW Financial Services NA, LLC ("BMW Financial Services NA, LLC"), is a corporation authorized to do business in the State of California and, at all times relevant hereto, was engaged in the business of financing sales of motor vehicles, with its principal offices located in the City of Woodcliff Lake, Bergen County, New Jersey.

3. Defendant, Nick Alexander Imports ("Dealer"), is a corporation authorized to do business in the State of California and, at all times relevant hereto, was and is engaged in the business of selling and servicing motor vehicles and in the business of arranging for the financing of agreements relating to the sale of motor vehicles, and rendering advice and counsel to consumers with regard to and in relation to same, all within the Los Angeles, Los Angeles County, California.

4. At all times relevant hereto, Nick Alexander Imports and BMW Financial Services NA, LLC, in the ordinary course of their business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more than four installments.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

5. On or about July 24, 2016, the parties entered into a consumer transaction, in that Plaintiff agreed to enter into a contract to purchase a combined and inseparable "bundle" of goods and services, including a certain motor vehicle for personal, family or household use, to-wit: a used 2013 BMW 3 Series, VIN No. WBA3C1G56DNR45620 (the "subject vehicle"), from Nick Alexander Imports, and, as part of the deal, Nick Alexander Imports, agreed to enter into said contract regarding said good and services and to arrange, and did so arrange, for BMW Financial Services NA, LLC, to extend credit to Plaintiff and to finance the transaction.

6. In consideration of the agreement by Nick Alexander Imports to sell Plaintiff the "bundle" of goods and services, Plaintiff turned over to Nick Alexander Imports, possession of Plaintiffs', Toyota Camry.

7. The goods which were the subject of the "bundled" agreement included the aforementioned Toyota Camry motor vehicle, while the "services" portion of the "bundled" agreement included, among other things, the assistance and advice the Dealer gave to Plaintiff concerning obtaining an extension of credit in order to finance the entire transaction.

8. At the time of Plaintiffs' purchase, Plaintiff entered into the foregoing consumer credit transaction by executing a retail installment contract with the Nick Alexander Imports, which contract included a finance charge, which finance contract was assigned by Nick Alexander Imports, to BMW Financial Services NA, LLC.

9. As part of the consumer credit transaction, Nick Alexander Imports, and/or BMW Financial Services NA, LLC retained a security interest in the subject vehicle.

10. At all times relevant hereto, Nick Alexander Imports, on behalf of itself and as an agent for BMW Financial Services NA, LLC, represented to Plaintiffs that it would obtain "the best interest rate" available.

11. As part of the deal, Plaintiff traded in their 2012 Toyota Camry and, as part of the deal, Nick Alexander Imports' salesperson represented to Plaintiff that the Toyota Camry would be "paid off" as part of the deal, leading Plaintiff to believe that Nick Alexander Imports was going to pay off the loan balance in exchange for getting the vehicle and having the right to resell it later.

12. After purchasing the subject vehicle, Plaintiff discovered that the sales price of the subject vehicle had actually been increased over and above the fair market value and the increase was then financed by Nick Alexander Imports, increasing the amount being financed by BMW Financial Services NA, LLC, through the arrangements made by Nick Alexander Imports, with BMW Financial Services NA, LLC.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

13.  BMW Financial Services NA, LLC, is subject to all of Plaintiffs' claims and defenses against Nick Alexander Imports, pursuant to Automobile Sales Finance Act California Civil Code Section 2981 and 16 CFR 433, arising out of the above retail installment transaction.

14.  This cause arises out of the Defendants' negligence, misrepresentation, breaches of warranty and contract and violations of statutes, as hereinafter set forth.

15.  Plaintiffs seek damages in excess of $10,000, exclusive of interest, costs and attorney fees and/or equitable relief, and this cause is otherwise within the jurisdiction of this Court.

## Count I

## *VIOLATION OF MOTOR VEHICLE INSTALLMENT SALES ACT (ASFA CALIFORNIA CIVIL CODE SECTION 2981 ET SEQ)*

16.  Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

17.  Plaintiff is an "buyer" within the meaning of Automobile Sales Finance Act California Civil Code Section 2981(a)(2)(c).

18.  Nick Alexander Imports is a "seller" within the meaning of Automobile Sales Finance Act, California Civil Code Section 2981(a)(2)(b).

19.  BMW Financial Services NA, LLC is a "holder" within the meaning of Automobile Sales Finance Act California Civil Code Section 2982.5(d)(4).

20.  The aforementioned transaction constitutes an "installment sale contract" within the meaning of Automobile Sales Finance Act California Civil Code Section 2981(a)(1)(2).

21.  Nick Alexander Imports violated the Automobile Sales Finance Act in the following particulars:

a.  By failing to provide Plaintiff with the disclosures required under the act prior to Plaintiff's execution of the contract;

b.  Based upon information and belief, by requiring the Plaintiff to sign the contract with impermissible blank spaces;

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

c. By failing to provide Plaintiff with a copy of the signed contract contemporaneously with the execution of the contract;

d. Such other and further violations as may be disclosed through further investigation and discovery.

22. BMW Financial Services NA, LLC is subject to all of Plaintiff's claims and defenses against Nick Alexander Imports pursuant to Automobile Sales Finance Act California Civil Code Section 2982(d)(4).

23. Violation of this Act is also a contemporaneous violation of the California Consumer Protection Act by these defendants, and as a result of Defendants' violations of the Act, Plaintiff is entitled to recover the greater of her actual damages or $750.00, pursuant to Section 1798.81.5(D)(1)(A) of California Civil Code.

24. As a further result of Defendants' violations of the Act, Defendants have contemporaneously violated the California Consumer Protection Act and the Truth in Lending Act, and they are barred from recovery of interest or other finance charges arising out of the subject retail installment contract, and Plaintiff is entitled to recover three times the amount of the interest charged in this matter in addition to statutory damages and reasonable costs and attorney fees.

WHEREFORE, Plaintiffs pray that this Honorable Court enter Judgment against Defendants, jointly and severally, as follows:

a. Order that Defendants refund Plaintiffs' down payment (including the fair market value of the trade-in vehicle) and payments made, together with incidental and consequential damages and cancel the subject retail installment contract or, alternatively, reform the subject contract as equity may require;

b. Award Plaintiff damages in whatever amount above $10,000 they are found to be entitled, plus interest, costs and reasonable attorney fees; and

c. Such other and further relief as this Court deems appropriate.

## COUNT II

### *VIOLATION OF TRUTH IN LENDING ACT*

25. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

26. This Court has jurisdiction to decide claims brought under the Truth in Lending Act, 15 USC 1601, *et. seq.*, pursuant to 15 USC 1640(e).

27. Nick Alexander Imports and BMW Financial Services NA, LLC violated the Truth in Lending Act and Regulation Z by failing to properly deliver all disclosures as required by the Truth in Lending Act and Regulation Z, because it did not deliver a complete set of written disclosures in a form that Plaintiffs could keep prior to consummation as required by 15 USC 1638(b)(1).

WHEREFORE, Plaintiffs pray for Judgment against Defendants, jointly and severally, as follows:

a. An award of actual damages in whatever amount above $10,000 Plaintiff is found to be entitled pursuant to 15 U.S.C. § 1640(a)(1);

b. An award of statutory damages in the amount of twice the finance charge not to exceed $1000 in accordance with 15 U.S.C. § 1640(a)(2);

c. Such other and further relief as this Court deems appropriate.


COUNT III

*VIOLATION OF CALIFORNIA CIVIL CODE*


28. Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

29. Defendants failed to properly disclose the amount of negative equity in the Toyota Camry.

30. Plaintiff purchased the 2013 BMW 3 Series and Nick Alexander Imports failed to properly itemize the negative equity therefore violating California Civil Code Section 2982(a)(6).

31. Pursuant to California Civil Code 2983, the Contract is unenforceable and Plaintiff is entitled to a refund.

32. As forth above, BMW Financial Services NA, LLC, is subject to the above claims and defenses available to Plaintiff.


COMPLAINT AND DEMAND FOR JURY TRIAL - 5

WHEREFORE, Plaintiff pray for judgment against Defendants, jointly and severally, whichever is greater, plus interest, costs and reasonable fees as permitted by law.

## COUNT IV

### *FRAUD AND/OR MISREPRESENTATION*

33. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint.

34. During the course of the subject transaction, Nick Alexander Imports represented to Plaintiff that the Plaintiffs' trade-in vehicle would be paid off as part of the deal and expressly or impliedly represented that the price of the subject 2013 BMW 3 Series was not being increased to create funds to pay off the trade-in vehicle with and omitted and concealed from Plaintiff the fact that Defendants were actually financing the payoff cost by increasing the amount being borrowed from BMW Financial Services NA, LLC, by more than the actual and/or fair market purchase price of the BMW vehicle.

35. During the course of the subject transaction, a knowing concealment of fact was done by Defendants, jointly and severally, at a time when, and under circumstances where, there was a duty to disclose, to-wit: that Defendants were actually setting up the transaction in such a way that Plaintiff was financing not only the purchase price of the 2013 BMW 3 Series vehicle but also an additional amount which said Defendants would use to pay off the trade in vehicle and generate additional profits for themselves.

36. During the course of the subject transaction, a knowing concealment of fact was done by Defendants, jointly and severally, at a time when, and under circumstances where, there was a duty to disclose, to-wit: that Defendants were not providing Plaintiffs with the "best interest rate available" as represented but, in fact, were charging Plaintiff an additional finance charge over and above the finance percentage rate (the "buy rate") that BMW Financial Services NA, LLC was willing to provide to Nick Alexander Imports

37. Each of Defendants' acts and omissions of representation and concealment were material to the transaction.

38. Each of Defendants' acts and omissions of representation and concealment were made with the intent of misleading Plaintiffs into relying upon it.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

39. Plaintiff was justified in relying on the representation and a lack of any concealment, and did, in fact, so rely.

40. Defendants benefited from Plaintiffs' reliance by causing Plaintiff to enter into the transaction and by gaining the additional profits resulting from Plaintiffs' reliance on Defendants' acts and omissions.

41. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages, past, present and future, including but not limited to, the loss of the benefit of their bargain, paying an excessive price for the vehicle, excessive finance charges, mental anguish, humiliation, embarrassment and aggravation, together with costs and fees incurred in obtaining relief from Defendants' wrongful acts and omissions.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, jointly and severally, in whatever amount above $10,000 they are deemed to be entitled, plus equitable relief.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

DEMAND FOR JURY TRIAL

Plaintiff demand jury trial for the above-entitled cause.

Respectfully submitted,

BY: _____

TYESHA JACKSON WISE, PRO SE

DATED:

Dated this 19th day of October, 2022

COMPLAINT AND DEMAND FOR JURY TRIAL - 8